UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL LANNING et al.,

        Plaintiffs,

v.

ROBERT CROMPTON et al.,

        Defendants.
_____/

Case No. 1:18-cv-1192

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by two state prisoners under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff Lanning's complaint in its entirety for failure to state a claim against any defendant. The Court also will dismiss Plaintiff Rash's complaint against Defendant Lamb for failure to state a claim.

**Discussion**

I. <u>Factual Allegations</u>

Plaintiff Lanning presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff Rash presently is incarcerated at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan, where the events about which he complains occurred. Plaintiffs sue ECF Doctor Robert Crompton and ECF Nurse Patricia Lamb.

The entirety of the amended complaint concerns Defendants' alleged failure to provide medical treatment to Plaintiff Rash. No allegation contained in the amended complaint involves Plaintiff Lanning. Instead, as Plaintiffs admit in the amended complaint, Plaintiff Lanning is named as a plaintiff in the action solely because he is assisting Plaintiff Rash with his civil action.

Plaintiff Rash alleges that he began experiencing acid reflux in June 2007. In 2011, he began taking Tums and Prilosec to treat the condition. In 2012, while Plaintiff was at the Marquette Branch Prison, he was placed on Protonix, and he continued on that medication at ICF until he transferred in August of 2014.

Plaintiff Rash arrived at ECF in 2016. Defendant Crompton stopped Plaintiff's other medications and placed him on 75 mg of Zantac. Plaintiff objected to the change in medication, because he had been informed about more serious problems from acid reflux, including ulcers and Barrett's esophageal cancer. Shortly after Plaintiff started on the new treatment regimen, he began to experience severe acid reflux, which caused him to vomit and spit up acid and blood. He repeatedly contacted Defendant Crompton, who refused to order an endoscopy or to change Plaintiff's medication. Plaintiff claims that he was seen by Defendant

Crompton three times in 2018, but Crompton took no action to address the problems Plaintiff was experiencing.

Plaintiff's only allegation concerning Defendant Lamb is that Lamb responded to one of his prison grievances at Step II. In her response, Defendant Lamb advised Plaintiff that he should continue to advise health care if his symptoms persisted or worsened. She also advised Plaintiff to contact the dietician for a consultation about self-selecting an appropriate diet from the regular menu. Plaintiff complains that Defendant Lamb did not come to see him and ignored the fact that Plaintiff's housing unit does not have a diet line.

Plaintiff seeks a variety of injunctive relief: release from the sex-offender registry; termination of Defendant Crompton's medical license; destruction of his MDOC and court records; and scheduling of an endoscopy and, if necessary, surgery. He also seeks damages in excess of $100 million.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.  Plaintiff Lanning

Plaintiff Lanning makes no allegations of personal harm cause by any Defendant. He therefore fails to state a claim on his own behalf.

Moreover, Plaintiff Lanning lacks standing to assert the constitutional rights of another prisoner, such as Plaintiff Rash. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff Lanning may only represent himself with respect to his individual claims and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v.*

*LaVelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F. Supp. 914, 918 (E.D. Pa. 1978).

Further, as a *pro se* party, Plaintiff Lanning is not entitled to represent the interests of Plaintiff Rash in this Court. Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. The federal courts have long held that section 1654 preserves a party's right to proceed *pro se*, but only with respect to her own claims. Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Relying on this statute, the Sixth Circuit has squarely held that a *pro se* party may not prosecute a representative wrongful death action brought under section 1983, where the beneficiaries thereof included persons other than himself. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003). The court relied on an earlier Second Circuit case, which had held that an administratrix or executrix of an estate may not proceed in a wrongful death action *pro se* when the estate has beneficiaries and creditors other than the litigant. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

Because Plaintiff Lanning fails to state a claim against any Defendant and is not permitted to represent Plaintiff Rash in this Court, his complaint will be dismissed with prejudice.

**B.     Plaintiff Rash**

Plaintiff Rash alleges that he has been denied necessary medical treatment, in violation of his rights under the Eighth Amendment. The Eighth Amendment prohibits the

5

infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."

6

*Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*,

7

258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Plaintiff Rash's allegations against Defendant Lamb fail to state a claim. Plaintiff alleges only that, on one occasion, Defendant Lamb denied a grievance at Step-II of the grievance process.

Section 1983 liability may not be imposed simply because a party denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Moreover, even if the grievance is interpreted as a request for care, Plaintiff utterly fails to indicate what he specifically told Defendant Lamb about his symptoms. He therefore fails to demonstrate either that he faced a substantial risk of serious harm or that Defendant Lamb was aware of and disregarded that risk. *Farmer,* 511 U.S. at 837. At most, Plaintiff alleges that, on one occasion, Defendant Lamb negligently advised Plaintiff to pursue palliative options, such as avoiding certain foods. Even while giving such advice, Defendant Lamb also instructed Plaintiff to notify health services again if his symptoms continued or worsened. Under these circumstances, Plaintiff fails to allege that

8

Defendant Lamb violated his Eighth Amendment rights. The Court therefore will dismiss Plaintiff Rash's complaint against Defendant Lamb.

The Court finds, however, that Plaintiff's allegations against Defendant Crompton are sufficient to state an Eighth Amendment claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff Lanning's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also concludes that Plaintiff Rash's complaint against Defendant Lamb will be dismissed for failure to state a claim.

An order consistent with this opinion will be entered.

Dated:  January 11, 2019               /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge