UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EREK</small> R<small>ASH</small> #667309,

        Plaintiff,                                   Hon. Paul L. Maloney

v.                                                         Case No. 1:18-cv-1192

R<small>OBERT</small> C<small>ROMPTON</small>, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This matter is before the Court on Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment, (ECF No. 35), and Defendant's Motion for Summary Judgment, (ECF No. 37). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendant's motion be granted, and this action be terminated.

**BACKGROUND**

       This action was initiated by inmates Michael Lanning and Derek Rash. The following allegations are contained in Plaintiffs' amended complaint. (ECF No. 8). In 2007, Plaintiff Rash began experiencing acid reflux for which he later began taking prescribed medications. In 2016, Rash was transferred to the Oaks Correctional Facility after which he began treatment with Dr. Robert Crompton who modified

-1-

Plaintiff's medication regimen against Plaintiff's objections. Following this change in treatment, Plaintiff again experienced acid reflux symptoms. Despite this deterioration in Plaintiff's condition, Dr. Crompton "refus[ed] to do anything about this issue." The doctor also refused Plaintiff's requests to participate in an endoscopy examination. Plaintiff eventually submitted a grievance regarding this circumstance which was denied at Step II by Patricia Lamb. Plaintiffs initiated this action against Crompton and Lamb alleging violations of Lamb's Eighth Amendment right to be free from cruel and unusual punishment. Plaintiffs request various forms of injunctive relief as well as monetary damages in excess of one hundred million dollars ($100,000,000.00).

On January 11, 2019, the Honorable Paul L. Maloney dismissed Plaintiff Lanning's claims for failure to state a claim on which relief may be granted. (ECF No. 10-11). Judge Maloney also dismissed Plaintiff Rash's claims against Defendant Lamb on the same ground. (*Id.*). Thus, the only claim remaining in this matter is Plaintiff Rash's Eighth Amendment denial of medical treatment claim against Defendant Crompton, who now moves for summary judgment. While Plaintiff has filed a motion to deny defendant's motion for summary judgment, (ECF No. 35), Plaintiff's motion was filed *before* Defendant Crompton filed his motion for summary judgment.[1] In the more than four months since Defendant Crompton filed his motion for summary judgment, Plaintiff has submitted no response thereto.

---

[1] Plaintiff has submitted no evidence with his motion, but instead merely asserts that he opposes Defendant Crompton's motion and "has plausible proof to substantiate his claim." (ECF No. 35).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate

when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations that occur during imprisonment and which are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). If, however, the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that a prisoner simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1,

2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

In support of his motion for summary judgment, Defendant Crompton has submitted an affidavit (ECF No. 37 at PageID.278-80) in which he asserts the following. Plaintiff began treating with Dr. Crompton on January 26, 2017, at which time Plaintiff voiced no complaints regarding his acid reflux. On March 1, 2017, Plaintiff reported to Dr. Crompton that he discontinued taking his prescribed medication "because it was not effective." Plaintiff reported that he was able to instead manage his symptoms by "maintain[ing] an upright position and lean[ing] against the wall after eating." In response, Dr. Crompton discontinued Plaintiff's medication and "recommended that [Plaintiff] continue to manage his heartburn in the non-pharmaceutical manner he found effective."

On April 3, 2018, another medical provider prescribed Plaintiff Maalox for his acid reflux. On May 14, 2018, Plaintiff met with Dr. Crompton regarding his acid reflux. Plaintiff "inquired about an endoscopy" which the doctor stated "was presently not indicated." Upon hearing this, Plaintiff "abruptly stated, 'OK, that is all I needed to know. I'm done here.'" On July 24, 2018, Plaintiff reported to Dr. Crompton that

"Maalox was not effective" treating his acid reflux.  As the doctor was attempting to discuss the matter, Plaintiff "abruptly stood up and said, 'I'm done here.  Please take me back to my room.'"  Dr. Crompton "made no changes to [Plaintiff's] treatment plan."  On September 21, 2018, Plaintiff reported to Dr. Crompton that "Maalox was not as effective as it had been previously" and that "Tums was more effective."  Dr. Crompton, therefore, prescribed Tums for Plaintiff.  This appears to be the last time that Dr. Crompton treated Plaintiff for acid reflux.

The assertions in Defendant Crompton's affidavit are entirely consistent with the medical treatment records he submitted in support of his motion for summary judgment. (ECF No. 37 at PageID.197-276).  Plaintiff has presented no evidence contradicting or calling into question Dr. Crompton's assertions.  Plaintiff has likewise presented no evidence suggesting that the medical treatment records submitted by Dr. Crompton are inaccurate or incomplete.

As the evidence before the Court makes clear, Plaintiff received medical treatment from Dr. Crompton (and others).  While Plaintiff may disagree with Dr. Crompton's treatment decisions and/or consider such to be ineffective, negligent, or even constitute malpractice, such does not implicate the Eighth Amendment.  As noted above, to prevail on his claim, Plaintiff must present evidence from which a reasonable juror could find that the care Plaintiff received from Defendant Crompton was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Plaintiff has neither submitted nor identified any such evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Deny Defendant's Motion for Summary Judgment, (ECF No. 35), be denied; Defendant's Motion for Summary Judgment, (ECF No. 37), be granted; and this action terminated.

Dated: August 16, 2019       /s/   Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).   General objections do not suffice.   *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).